UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| CYNTHIA M. CLARKE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No.: 5:20-cv-186 |
| CONSTRUCTION ATTACHMENTS, INC., | ) ) ) ) |
|     Defendant. | ) ) / |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Cynthia M. Clarke ("Plaintiff" or "Clarke"), and files her Complaint against Defendant, Construction Attachments, Inc. ("Defendant" or "Construction Attachments"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's interference with Plaintiff's lawful exercise of her rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to her disability leading to her unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Clarke, is a citizen of the United States, and is and was at all times material, a resident of the state of North Carolina.

6. Defendant, Construction Attachments, is a domestic for-profit corporation with its headquarters in Lenoir, North Carolina.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.[1]

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On March 19, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

---

[1] Defendant's LinkedIn page reports it employs 51-200 employees.
*See* https://www.linkedin.com/company/construction-attachments-inc-
*See also* Text communications with Crystal Davis, Human Resources provides Defendant employed 50 or more employees. Attached as Exhibit A.

12. On September 23, 2020 the EEOC issued Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by defendant in a full-time capacity between December 2005 and October 2014, and then again from June 1, 2015 until her termination on January 3, 2020.

15. At the time of her termination Plaintiff held the position of Sales Manager, although her responsibilities often included tasks outside of her job description.

16. On December 18, 2019, Plaintiff was injured in a car accident while traveling for work and notified Amanda Corrihe, CEO.

17. The following day Plaintiff informed Jennifer Crump, Human Resources Representative, that she had been in a car accident.

18. The following day, Plaintiff began experiencing neck pain from the accident, and she sent Ms. Crump a text message advising the same.

19. Shortly thereafter, Plaintiff began to experience severe headaches and neck pain.

20. Plaintiff made several attempts to seek medical care and was finally seen by a doctor at Robbins Urgent Care on or about December 30, 2019.

21. Plaintiff's doctor diagnosed her with bone spurs on her neck and ordered that she take a short medical leave.

22. Plaintiff's doctor faxed a note to Ms. Crump explaining her diagnosis and requesting an accommodation in the form of a brief medical leave until January 2, 2020. Ms. Crump emailed Plaintiff confirmation that she received the doctor's note and request for a medical leave.

23. Plaintiff is a disabled female.

24. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

25. Plaintiff's disability impacts her major life activities including but not limited to manual tasks, sleeping, lifting, concentrating, driving, sitting, and working.

26. To interfere with and discourage Plaintiff from utilizing FMLA leave Defendant informed Plaintiff that she could not take protected leave under the FMLA.

27. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

28. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave.

29. Defendant interfered with Plaintiff's rights under the FMLA.

30. On the morning of January 3, 2020, Plaintiff's symptoms had not improved, and she emailed Ms. Corriher and Ms. Crump before her shift that she would be unable to work. Plaintiff requested a reasonable accommodation of a short extension to her medical leave.

31. A few hours later, Plaintiff realized that she was locked out of her email and she contact Ms. Corriher and Ms. Crump about the issue.

32. Shortly thereafter, Ms. Currier emailed Plaintiff a letter of termination.

4

33. Defendant terminated Plaintiff due to her disability, in retaliation for her request for accommodations as well as her request for FMLA leave.

34. Defendant failed to engage Plaintiff in the interactive process as is required by the law and had no further communications with Plaintiff about FMLA leave.

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Interference in Violation of the FMLA

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

38. Under the FMLA, an "eligible employee" is entitled to take up to twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons. 29 U.S.C. § 2612(a)(1) (2013).

39. An "eligible employee" is one "who has been employed for at least 12 months by the employer with respect to whom leave is requested...for at least 1,250 hours of service with such employer during the previous 12-month period, [and] is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite." 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a) (brackets added).

40. Plaintiff is thus, an "eligible employee" for FMLA purposes.

41. Employers must comply with the FMLA's notice requirements. These requirements include the employer's obligation to "notify the employee of the employee's eligibility to take FMLA leave within five business days" after the "employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason."

5

29 C.F.R. § 825.300(b). The eligibility notice must "state whether the employee is eligible for FMLA leave."

42. Each time the eligibility notice is provided, the employer must also provide written notice to the employee "detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. The notice must include a statement that the "leave may be designated and counted against the employee's annual FMLA leave entitlement if qualifying; ...[a]ny requirements for the employee to furnish certification of a serious health condition...; [t]he employee's right to substitute paid leave, [and] whether the employer will require the substitution of paid leave, the conditions related to any substitution, and the employee's entitlement to take unpaid FMLA leave if the employee does not meet the conditions for paid leave;...[and] [t]he employee's rights to maintenance of benefits during the FMLA leave and restoration to the same or an equivalent job upon return from FMLA leave." 29 C.F.R. § 825.300(b)-(c).

43. The employer is also required to provide a designation notice to an employee. "The employer is responsible in all circumstances for designating leave as FMLA-qualifying, and for giving notice of the designation to the employee...[W]hen the employer has enough information to determine whether the leave is being taken for a FMLA-qualifying reason (e.g., after receiving a certification), the employer must notify the employee whether the leave will be designated and will be counted as FMLA leave within five business days absent extenuating circumstances."

44. "If the employer determines that the leave will not be designated as FMLA-qualifying (e.g., if the leave is not for a reason covered by FMLA...), the employer must notify the employee of that determination. If the employer requires paid leave to be substituted for unpaid FMLA leave, or that paid leave taken under an existing leave plan be counted as FMLA leave, the

6

Case 5:20-cv-00186-KDB-DSC   Document 1   Filed 11/20/20   Page 6 of 10

employer must inform the employee of this designation at the time of designating the FMLA leave." 29 U.S.C. § 825.300(d).

45. "If there is a dispute between an employer and an employee as to whether leave qualifies as FMLA leave, it should be resolved through discussions between the employee and the employer. Such discussions and the decision must be documented. If an employer does not designate leave as required by § 825.300, the employer may retroactively designate leave as FMLA leave with appropriate notice to the employee as required by § 825.300 provided that the employer's failure to timely designate leave does not cause harm or injury to the employee. In all cases where leave would qualify for FMLA protections, an employer and an employee can mutually agree that leave be retroactively designated as FMLA leave." 29 C.F.R. § 825.301(c) - (d).

46. Defendant failed to provide Plaintiff with the proper notices.

47. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

48. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

49. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

50. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count II:
### Disability Discrimination in Violation of the ADA

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

52. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

53. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

54. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

56. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count III:
## Failure to Accommodate in Violation of the ADA

59. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

61. Defendant was aware of Plaintiff's disability.

62. Defendant failed to accommodate Plaintiff's disability.

63. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

64. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

65. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages

## Count IV:
### Retaliation in Violation of the ADA

66. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

67. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

68. Defendant's conduct violates the ADA.

69. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

71. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

      b)    Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

      c)    Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
North Carolina Bar # 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*